## FIRESTONE TIRE & RUBBER CO. v. DIENTENFASS.

(District Court, E. D. Pennsylvania. July 28, 1914.)

### No. 1211.

PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A motion for preliminary injunction to restrain infringement denied, where it seemed that the case should be nearly ready for final hearing, and that defendant was a dealer only, and no necessity existed for passing upon the questions at issue in advance.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*]

In Equity. Suit by the Firestone Tire & Rubber Company against Samuel Dientenfass, doing business as the Central Tire Company. On application for preliminary injunction. Motion denied.

Dwight M. Lowrey, of Philadelphia, Pa., for plaintiff.
Thomas A. Mullen, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. A decree on this application has been withheld at the request of counsel to enable them to file additional affidavits and submit briefs supplemental to the oral argument at bar.

These affidavits and briefs have now been filed. After a careful consideration of all of them, we find no reason to change the opinion tentatively formed at the hearing of the application. The case has been argued before us precisely as if it were being heard on final decree. Whatever judgment is reached can therefore best be reached after final hearing. It can then be heard after fuller consideration, and a hearing which each side would doubtless regard as fairer and more satisfactory.

The present case is, moreover, one between the plaintiff and a dealer in automobile tires, not between the rival manufacturers. Such a case, it would seem, is now about ripe for hearing, and affords the best means of presenting the conflicting claims of right of the real parties to the controversy. The plaintiff is now asking, not for an adjudication of its rights, for such an application would be premature, but for the awarding to it of an extraordinary remedy. This in a proper case should not be withheld. The mere opportunity of deciding the questions involved in plaintiff's favor, however, does not in itself carry with it the duty of according this out of the ordinary remedy.

We do not see that any other purpose would be accomplished by awarding an injunction now than to give to the plaintiff a ruling in its favor. Its right to the relief prayed for is denied by the answer. Upon the issue thus raised the parties are entitled to a hearing. The argument for the plaintiff as now presented, if accepted as convincing, would only support the conclusion that on final hearing the plaintiff will be entitled to a decree. There is nothing disclosed by the affidavits to indicate that the withholding of a decree now will work harm to the plaintiff, or that the awarding of the writ will serve any purpose which a final decree will not reach.

The application for a preliminary injunction is therefore now denied, with leave to plaintiff to renew the application, and costs to await the further order of the court.